## SUPREME COURT.

ARNOLD GRAY agt. JAMES T. BROWN and EMILY A. BROWN.

The plaintiff issued his summons on a money demand, claiming the amount of the note sued upon and interest. The complaint was for the recovery upon the note made by one of the defendants, a married woman. The separate answer set up, that when the note was given by the defendant she was and now is a married woman.

The plaintiff served an amended complaint, setting out the circumstances under

which the note was given, and that the wife was possessed of a separate estate, and praying that the plaintiff's demand be made a charge thereon. This amended complaint was returned with objections.

*Held,* that the complaint could not be amended in the way attempted, without leave of the court. It would be turning an action at law into one for equitable relief; and the court would not allow such an amendment, without an amendment of the summons—which could only be done with leave. The amendments of the summons and complaint were allowed on payment of costs.

*Yates Special Term, November,* 1857.

MOTION by plaintiff for leave to serve amended complaint, and to amend summons, &c.

The summons was in the ordinary form for money, with a notice that in case of defendant's failure to answer, the plaintiff would take judgment for $67.43, and interest from September 16th, 1856.

The complaint which was served with the summons, was upon a promissory note, made by defendants to A. A. Flint, or bearer, for $67.43, dated September 16th, 1856, payable one year from date with interest, and demanded judgment in the usual form. The summons and complaint were served together on the 17th of October, 1857. On the 19th day of the same month, the defendant Emily A. Brown, by her attorney, put in her separate answer, that at the time she executed the note, she was and has ever since continued to be a married woman, being the wife of the defendant James T. Brown. On the 12th of November following, the plaintiff's attorney served an amended complaint, setting out the circumstances under which the note was given, and that the defendant Emily A. Brown was possessed of a separate estate, and praying that the plaintiff's demand be made a charge on such separate estate.

The attorney for the defendant Emily, returned the amended complaint on the grounds:

1st. That the amended complaint was not served in time.

2d. That the complaint was not amendable in the particulars in which it was sought to be amended; and,

3d. That the amended complaint would make the original

Rodgers agt. The People.

summons irregular, and that the summons could not be amended of course.

A. C. STORY, *for the plaintiff.*
H. J. WOOD, *for the defendant Emily A. Brown.*

WELLES, Justice.   The amended complaint was served too late.   It could not be amended in the way attempted, if served in time, without leave of the court.   It would be turning an action at law into one for equitable relief, and the court would not allow such an amendment, without an amendment of the summons also.   The summons cannot be amended without leave.

I shall, therefore, direct an order that the plaintiff have leave to amend the summons by making it one for relief, and to amend the complaint, so as to present any equitable ground of relief, as he shall be advised.   These amendments are allowed only on payment of the costs of the defendant answering since the service of the answer, and in addition, of seven dollars costs of opposing this motion, all to be done in twenty days from service of this order.